IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

BENNY MARTINEZ,

    Plaintiff,                        No. CIV S-11-0416 GEB CKD PS

   vs.

SCOTT KAYS, et al.,

    Defendants.                FINDINGS AND RECOMMENDATIONS

_____/

       Plaintiff is proceeding in this action pro se and in forma pauperis. Plaintiff has filed a second amended complaint. The federal in forma pauperis statute authorizes federal courts to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2).

       A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327.

\\\\

In order to avoid dismissal for failure to state a claim a complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-557 (2007). In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). Furthermore, a claim upon which the court can grant relief has facial plausibility. Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S. Ct. at 1949. When considering whether a complaint states a claim upon which relief can be granted, the court must accept the allegations as true, Erickson v. Pardus, 127 S. Ct. 2197, 2200 (2007), and construe the complaint in the light most favorable to the plaintiff, see Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

Plaintiff has now filed three complaints in this action. Although plaintiff's second amended complaint remains vague and conclusory, it appears that plaintiff is alleging a violation of his civil rights in connection with criminal prosecutions of plaintiff. Four judges of the California Superior Court who presided over the criminal proceedings and the prosecuting attorney are named as defendants. Plaintiff was previously advised that it appears his action may be barred under Heck v. Humphrey, 512 U.S. 477 (1994) and that the defendants are immune from suit. (Dkt. no. 9.) Plaintiff was cautioned in the prior order that he would be given one final opportunity to state a claim upon which relief may be granted. The second amended complaint does not cure the deficiencies evident in plaintiff's prior complaints.

It appears plaintiff is seeking damages for an allegedly wrongful conviction. In Heck v. Humphrey, 512 U.S. 477 (1994), the United States Supreme Court held that a suit for damages on a civil rights claim concerning an allegedly unconstitutional conviction or imprisonment cannot be maintained absent proof "that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal

1  authorized to make such determination, or called into question by a federal court's issuance of a
2  writ of habeas corpus, 28 U.S.C. § 2254." Heck, 512 U.S. at 486.
3        Under Heck, the court is required to determine whether a judgment in plaintiff's
4  favor in this case would necessarily invalidate his conviction or sentence.  Id.  If it would, the
5  complaint must be dismissed unless the plaintiff can show that the conviction or sentence has
6  been invalidated.  This court finds that plaintiff's action implicates the validity of plaintiff's
7  conviction and that the action is barred under Heck.
8        Moreover, the named defendants are immune from suit.  The actions taken by the
9  named judicial officers which form the basis of plaintiff's second amended complaint were taken
10 during the course of criminal proceedings over which the judges presided and as such, judicial
11 immunity attaches.  See Sadoski v. Mosley, 435 F.3d 1076, 1079 (9th Cir. 2006) (quoting Stump
12 v. Sparkman, 435 U.S. 349, 356–57 (1978)) (judge immune from suit for damages based on
13 judicial conduct when not acting in "clear absence" of jurisdiction).  The named prosecuting
14 attorney is similarly immune from suit.  Prosecutors are absolutely immune from civil suits for
15 damages under § 1983 which challenge activities related to the initiation and presentation of
16 criminal prosecutions.  Imbler v. Pachtman, 424 U.S. 409 (1976).
17       Plaintiff has now filed three complaints in this action.  Although advised of the
18 deficiencies in his pleadings, plaintiff's amended complaint does not address the bar under Heck
19 or the issue of immunity.  It appears further amendment would be futile.
20       Accordingly, IT IS HEREBY RECOMMENDED that this action be dismissed.
21       These findings and recommendations are submitted to the United States District
22 Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within
23 fourteen days after being served with these findings and recommendations, any party may file
24 written objections with the court and serve a copy on all parties.  Such a document should be
25 captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the
26 objections shall be served and filed within seven days after service of the objections.  The parties

are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: August 3, 2011                            <u>/s/ Carolyn K. Delaney</u>
                                                United States Magistrate Judge

4
martinez-kays.f&r